# BOCHNER IP

295 Madison Avenue, 12th Floor

New York, New York 10017

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: June 1, 2021
```

**Via ECF**

Hon. Victor Marrero
United States District Judge
Suite 1610
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *Caraway Home, Inc. v. Pattern Brands, Inc. et al.*, 1:20-cv-10469-VM
              <u>Motion to Compel Discovery</u>

Dear Judge Marrero:

      Pursuant to Rule III of Your Honor's Individual Practices, Fed. R. Civ. P. 26(b)(1), and Local Rule 37.2, the Parties submit this jointly authored letter. Plaintiff is requesting a pre-motion conference on its motion to compel discovery. Defendant is requesting that the Court schedule a Rule 16 conference to address the Parties' scheduling dispute, including a schedule to submit an ESI Protocol and to schedule a supplemental 26(f) conference to address the new patent claims and the new parties added in Plaintiff's amended pleadings. Defendants' proposed schedule is included at the bottom of this letter.  The Parties have met and conferred regarding this dispute.

      **<u>Plaintiff's Position</u>**. Plaintiff served its First Request for the Production of Documents and Things to Defendant Pattern Brands, Inc. ("Defendant") on March 11, 2021 (the "First RFPs"). Plaintiff subsequently served additional requests for production of documents. On March 16, 2021, the Court stayed all discovery deadlines until Plaintiff's amended complaint including its patent infringement count was filed. Dkt. 17. On April 21, 2021, Plaintiff filed its amended complaint including its patent infringement count and the stay was lifted by its terms. Dkt. 23. Thus, not including the days discovery was stayed, responses and objections were due on May 16, 2021. Defendant has not served any responses or objections to the First RFPs and refuses to provide a date on which it will do so. Defendant has taken the position that, notwithstanding the clear requirements of Fed. R. Civ P. 34(b)(2)(A) and Your Honor's Order, Dkt. 17, Defendant will only "resume discovery and set response dates for the previously served requests once our ESI protocol is in place . . . provided that:" (1) Plaintiff confirms that it will not add additional patent claims; and (2) Plaintiff waives any objections that a second 26(f) conference has not taken place.  While Plaintiff agrees that an ESI protocol should be entered early in a case, failure of the parties to agree to the protocol does not negate the obligation to respond to discovery. Otherwise, parties would continue negotiating the protocol and delay agreement to avoid responding to discovery.

      Nothing in the Federal Rules allows Defendant to set conditions under which it will produce. The parties are negotiating in good faith regarding the ESI protocol and protective

order. And Plaintiff has offered on multiple occasions to treat any documents as attorneys' eyes only until a protective order has been entered.

Moreover, a motion for a protective order "must be served before the date set for production." *United States v. Int'l Bus. Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976); Mahar v. U.S. Xpress Enterprises, Inc., 688 F. Supp. 2d 95, 113 (N.D.N.Y. 2010) (same). Thus, Defendant's request for a protective order is now untimely.

Plaintiff respectfully requests that the Court order Defendant to respond to the First RFPs.

**Defendant's Position**:

*(1) A Court Scheduling Conference Would be Helpful*

Defendant Pattern Brands Inc. ("Pattern") believes that a court (telephone or otherwise) conference to discuss scheduling is needed, as the Plaintiff's amended pleadings added new claims for patent infringement as well as additional parties. Plaintiff has also refused to confirm whether it still intends to add additional patent claims and/or additional parties, which can again impact the schedule.  The Court has not yet conducted an Initial Rule 16 Conference; and given the significant disagreements between the Parties as to scheduling, and because of all of the new claims and Parties, Pattern believes that conducting this conference now would be helpful.

On March 16, 2021, the Court issued a Case Management Plan and Scheduling Order in this case, and also stayed all discovery pending Plaintiff's election regarding the addition of a patent infringement claim in its pleadings. Plaintiff filed its First Amended Complaint on April 21, 2021. The Parties met-and-conferred on May 3, 2021 regarding setting new discovery deadlines, determining the need for a supplemental 26(f) conference, and establishing an e-discovery protocol and protective order. In this conference, Defendant Pattern learned that Plaintiff intended to file another amended complaint (the Second Amended Complaint) the following week, to include *another* claim for patent infringement, citing a newly issued patent. Pattern continued to press for an ESI Protocol and supplemental 26(f) conference but agreed to table further discussions until after the Second Amended Complaint was filed, which would allow Pattern to review the amended pleadings, and give time for Pattern's counsel to reach out to the other named Defendants to see if a unified position as to these discovery matters could be reached.

Plaintiff filed its Second Amended Complaint on May 11, 2021. Pattern is not due to respond until June 8, 2021. Recently added Defendants Doris Dev, LLC ("Doris") and Morenstein Cronan, LLC d/b/a Branch ("Branch") have not yet appeared in the proceeding and, on information and belief, have not yet been personally served with the Second Amended Complaint.[1]

---

[1] Doris and Branch have not yet made an appearance in this case, and because the Second Amended Complaint contains new claims, this pleading must also be personally served on Defendants. *See, e.g.,* Reid v. Dan Yant, Inc., 2018 WL 8014197, at *2–3 (E.D.N.Y. Oct. 25, 2018) ("For a party who has not yet appeared, it has no notice of any claims, and the indirect means of service in Rule 5—i.e., serving a party through an attorney or electronically or by leaving the document with the Clerk of Court—make no sense.") *See Also* 1 Moore's Federal Practice § 5.03[1] (3d ed. 2018) ("The service provisions in Rule 5 apply only after a party has made an appearance in the proceeding.")

# BOCHNERIP

A Notice of Initial Conference has not yet been issued in this proceeding, and under your Honor's Individual Rules, the Parties would not yet have been required to conduct their 26(f) conference or start discovery. Nonetheless, Defendant has attempted to cooperate with Plaintiff's requests to conduct discovery early in the proceeding, but the repeated amendments of the complaint, which may still be ongoing, as well as Plaintiff's refusal to offer a counterproposal for ESI, requires a reevaluation of the schedule.

On May 17, 2021, after the Second Amended Complaint was filed and after Pattern had an opportunity to confer with the other Defendants, Pattern's counsel emailed Caraway's counsel, and proposed dates for the following discovery issues (these were rejected by Plaintiff):

1. ESI Protocol – Meet and Confer on May 21, 2021, with Plaintiff providing a redlined proposal by May 19, 2021.
2. Protective Order – Pattern to send redlined protective order on May 21, 2021.
3. Supplemental 26(f) Conference – Conducted on the week of June 14, 2021, with Plaintiff to send a proposed schedule during the week of May 24, 2021.

Pattern also agreed to resume discovery even before the supplemental 26(f) conference was completed, provided that (a) the parties have an ESI protocol in place, (b) Plaintiff confirms that they do not intend to add any additional patent claims to its Complaint, pursuant to the Court's March 16 order, and (c) Plaintiff waives any objections to Pattern's discovery requests on the basis that the discovery conference has not yet taken place (for example, objections based on the status of claim construction filings, or infringement, invalidity and/or unenforceability contentions under Local Patent Rule 2).

On May 17, 2021, Plaintiff rejected Pattern's proposal in its entirety, denied that an ESI protocol or a supplemental 26(f) conference was necessary, refused to confirm that it did not intend further amendments to its pleadings or that it would waive 26(f) related objections, demanded discovery responses from Pattern (although Plaintiff has not yet responded to Pattern's discovery requests, which were served more than a week *before* Plaintiff served its requests) and demanded that the Parties circulate their portions of this Joint Letter by May 19, 2021 (although Plaintiff did not share their portion of the letter until May 24, 2021).

### *2. ESI Protocol*

The nature and scope of the parties' respective discovery requests would require many employees from all parties to search through a large volume of their emails to identify and produce responsive communications. Without a reasonable e-discovery protocol, such an inquiry has the potential to be enormously excessive and not at all proportional to the needs of this case (Pattern anticipates that the cost of just eDiscovery in this case will likely greatly exceed any possible monetary recovery by either side).

Accordingly, on March 9, 2021, Pattern provided Plaintiff with a draft ESI Protocol, which, most notably, established a set number of email custodians and directed search terms to facilitate a measured email searching process. Despite multiple requests over the ensuing months, Plaintiff has never provided a counterproposal to this ESI Protocol (other than to flatly reject it because it included keyword searching). Beginning an exchange of e-discovery now, before an ESI Protocol is in place, will only kick the can down the road and would be entirely inefficient. Courts in this Circuit repeatedly warn parties to establish their ESI protocols early in a case. *See, e.g., Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255

F.R.D. 350, 364 (S.D.N.Y. 2008) ("This lawsuit demonstrates why it is so important that parties fully discuss their ESI early in the evolution of a case"); *Bailey v. Brookdale Univ. Hosp. Med. Ctr.,* 2017 WL 2616957, at *4 (E.D.N.Y. 2017) ("discussions about ESI should begin early in the case"); Fed. R. Civ. P. 26(f)(3)(C).

### *3. Supplemental 26(f) Conference – Local Patent Rules*

Local Patent Rule 2 reads:

> When the parties confer pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, **the parties must discuss and address in the report filed pursuant to Fed. R. Civ. P. 26(f)**:
> i. any proposed modification of the deadlines or proceedings set forth in these Local Patent Rules;
> ii. proposed format of and deadlines for claim construction filings and proceedings, including a proposal for any expert discovery the parties propose to take in connection therewith; and
> iii. proposed format of and deadlines for service of infringement, invalidity and/or unenforceability contentions, including any proposed deadlines for supplementation thereof.

(**emphasis added**). In the Parties' March 3, 2021 26(f) conference, the topics identified in Local Patent Rule 2 were not discussed, as Plaintiff had not yet plead any claim of patent infringement at the time. A supplemental 26(f) conference is necessary to address these requirements of the Local Patent Rules. Plaintiff has contended that while we must set new dates related to Plaintiff's patent claims, a supplemental conference is not necessary. However, the rules clearly state that the parties must "discuss" the above patent-specific issues in the Conference.

In addition, a supplemental discovery conference is needed because (a) there are two new parties in the proceeding that have a right to participate in establishing the schedule of the case, and (b) because discovery has been suspended for some time it is necessary to re-establish some of the previously agreed-upon dates in the prior scheduling order.

### *4. Resumption of Discovery and New Proposed Deadlines*

Discovery should not resume until after (a) the Parties' supplemental 26(f) conference has taken place, (b) an ESI Order has been entered by the Court, and (c) Plaintiff confirms that it does not intend to amend its pleadings to add yet another patent claim.

The below proposed schedule is consistent with Rule 26, the precedent in this Circuit to encourage early entry of ESI Protocols, as well as the Court's earlier Order which stayed the case on March 16, 2021 "in light of Defendant's concern of engaging in duplicative and unnecessary discovery efforts" as Plaintiff determined whether it would elect to add new patent claims.

| Event | Defendant's Proposed Schedule |
|---|---|
| Plaintiff's deadline to elect whether it will add additional parties or add new patent claims | June 4, 2021 |

# BOCHNERIP

| Conduct Supplemental 26(f) Conference with new Defendants (including to discuss new deadlines under Local Patent Rules) | 10 days after Defendants respond to Second Amended Complaint |
|---|---|
| Submit Proposed Case Management Plan and Schedule to Court for Approval | 14 days after Defendants respond to Second Amended Complaint |
| Submit Proposed eDiscovery Order | 14 days after Defendants respond to Second Amended Complaint |
| Submit Proposed Protective Order | 14 days after Defendants respond to Second Amended Complaint |
| Respond to Outstanding Discovery Requests | Plaintiff will respond 14 days after entry of eDiscovery Order by the Court<br>Defendant will respond 8 days after Plaintiff serves its Responses<br>(*Defendant served its requests 8 days before Plaintiff) |
| Conduct Rule 16 Conference with Court | At Court's convenience following receipt of Proposed Case Management Plan |

Thank you in advance for your consideration.

On Behalf of Defendant Pattern Brands, Inc.
Respectfully submitted,
/Michael Nesheiwat/
Michael Nesheiwat
mnesheiwat@collenip.com

/Jeffrey A. Lindenbaum/
Jeffrey A. Lindenbaum
jlindenbaum@collenip.com

On Behalf of Plaintiff Caraway Home Inc.
Respectfully submitted,
/Andrew D. Bochner /
Andrew D. Bochner
andrew@bochnerip.com

/Serge Krimnus/
Serge Krimnus
serge@bochnerip.com

The parties are hereby directed to address this dispute to the Magistrate Court.



SO ORDERED.
June 1, 2021
DATE
VICTOR MARRERO, U.S.D.J.